Baker v. Connor.

## JUDGMENTS AND DECREES—LANDLORD AND TENANT.

[Hamilton (1st) Circuit Court, February 10, 1905.]

Jelke, Swing and Giffen, JJ.

BAKER v. CONNOR.

JUDGMENT FOR RENT IS NO BAR TO ACTION FOR SUBSEQUENT INSTALLMENT.

Where in an action for rent an issue is tendered as to whether the premises had been surrendered prior to the time for which rent is claimed, and this issue is decided adversely to the lessee, that judgment is conclusive against the lessee on that issue, and is not a bar to another action for subsequent installments of rent.

[For other cases in point, see 5 Cyc. Dig., "Judgments and Decrees," §§ 967-972, 1008.—Ed.]

ERROR to Hamilton common pleas court.

**Shay & Cogan,** for plaintiff in error. .

**Closs & Luebbert,** for defendant in error.

**SWING, J.**

This was an action for rent founded on a lease given by Mrs. Connor to Mrs. Baker on certain real estate in the city of Cincinnati for a term of two years commencing February 1, 1901, at the rate of $35 per month. The action was for six months' rent. The action was commenced before a justice of the peace and was appealed to the court of common pleas, where upon trial at the conclusion of the evidence the court directed the jury to return a verdict for the plaintiff. The case is here on error to the judgment of said court.

The defendant, for defense to plaintiff's action, set up two defenses: The first, that she had surrendered the premises to the plaintiff after July, 1901; and second, that the plaintiff had a recovery in an action for rent on this lease, and that the same is a bar to any further recovery.

The record discloses the fact that Baker went into possession of the premises under said lease and paid rent for a certain number of months, probably up to and including the month of July, 1901; that after that her brother went into possession of the premises and paid rent up to October, 1901; that no rent was paid for the months of October, November and December, 1901, and that thereupon Connor prosecuted an action against Baker for the amount of the rent for said three months, and in said action Baker set up the same defense that she does here; that is, that she had surrendered the premises to the plaintiff and therefore was not liable for rent after the surrender. The case was tried on this issue and the finding was against Baker.

The present action being on the same contract, although for different installments of rent, and the same issue being tendered, the court was

Hamilton County.

bound to hold that the former judgment as to this issue was conclusive between the same parties. *Belt* v. *McColloch,* 31 Ohio St. 397; 24 Am. & Eng. Enc. Law (2 ed.) 710.

As to the second defense, that the former recovery between the same parties is a bar to a recovery in this action: This defense is not well taken. In the former action the recovery was for the months of rent then due. This does not preclude a recovery for rent for months subsequently falling due, for which this action is brought. 18 Am. & Eng. Enc. Law (2 ed.) 293.

Judgment affirmed.

**Jelke** and **Giffen, JJ.,** concur.